[Cite as *State v. Guber*, 2024-Ohio-2846.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

| STATE OF OHIO | | C.A. No. 2023CA0072-M |
|---|---|---|
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| JEFFREY A. GUBER | | WADSWORTH MUNICIPAL COURT COUNTY OF MEDINA, OHIO |
| Appellant | | CASE No. CRB 2300005 |

DECISION AND JOURNAL ENTRY

Dated: July 29, 2024

CARR, Judge.

{¶1} Defendant-Appellant Jeffrey A. Guber appeals the judgment of the Wadsworth Municipal Court. This Court affirms.

I.

{¶2} On January 1, 2023, a complaint was filed charging Guber with one count of resisting arrest in violation of R.C. 2921.33(A), a misdemeanor of the second degree. The matter proceeded to a jury trial. The jury found Guber guilty, and the trial court imposed a sentence.

{¶3} Guber has appealed, raising two assignments of error for our review.

II.

**ASSIGNMENT OF ERROR I**

THE EVIDENCE WAS INSUFFICIENT TO SUPPORT THE JURY'S VERDICT OF GUILTY AS TO RESISTING ARREST.

{¶4} Guber argues in his first assignment of error that his conviction is based upon insufficient evidence. Specifically, he maintains that he did not use force and that he could not

have acted recklessly because he was not informed why he was being arrested until after he was taken to the ground.

{¶5}  When reviewing the sufficiency of the evidence, this Court must review the evidence in a light most favorable to the prosecution to determine whether the evidence before the trial court was sufficient to sustain a conviction. *State v. Jenks*, 61 Ohio St.3d 259, 279 (1991).

> An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt.  The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.

*Id*. at paragraph two of the syllabus.

{¶6}  R.C. 2921.33(A) states that "[n]o person, recklessly or by force, shall resist or interfere with a lawful arrest of the person or another." "'Force' means any violence, compulsion, or constraint physically exerted by any means upon or against a person or thing."  R.C. 2901.01(A)(1).

> A person acts recklessly when, with heedless indifference to the consequences, the person disregards a substantial and unjustifiable risk that the person's conduct is likely to cause a certain result or is likely to be of a certain nature.  A person is reckless with respect to circumstances when, with heedless indifference to the consequences, the person disregards a substantial and unjustifiable risk that such circumstances are likely to exist.

{¶7}  R.C. 2901.22(C).  "[D]elaying an arrest by preventing the seizure or detention of a person may constitute resisting arrest because it constitutes reckless resistance.  By committing an act giving rise to the delay, a person may be proceeding with heedless indifference to the consequences and disregarding a known risk that his conduct will prevent arrest."  (Internal citations omitted.)  *State v. Hicks*, 9th Dist. Summit No. 24708, 2011-Ohio-2769, ¶ 19.

> The Ohio Jury Instructions for the offense of resisting arrest define "resist or interfere" as "to oppose, obstruct, hinder, impede, interrupt, or prevent an arrest by a law-enforcement officer by the use of force or recklessly by any means, such as going limp, or any other passive or indirect conduct." Ohio Jury Instructions, CR Section 521.33 (Rev. May 22, 2021). *See also* 1973 Legislative Service Commission comment to R.C. 2921.33 (stating resisting arrest "may be committed through the use of force, or recklessly by any means, such as 'going limp.'").

*State v. Jones*, 9th Dist. Summit No. 30036, 2022-Ohio-2122, ¶ 13. "An arrest occurs when the following four requisite elements are involved: (1) An intent to arrest, (2) under a real or pretended authority, (3) accompanied by an actual or constructive seizure or detention of the person, and (4) which is so understood by the person arrested." *Id.* at ¶ 9, quoting *State v. Darrah*, 64 Ohio St.2d 22, 26 (1980). "The magic words 'you are under arrest' are not necessary to constitute an arrest." *State v. Maurer*, 15 Ohio St.3d 239, 255 (1984); *see also In re S.C.W.*, 9th Dist. Summit No. 25421, 2011-Ohio-3193, ¶ 30.

{¶8} At trial, the only witness to testify was Officer Andrew Blubaugh, a police officer with the City of Wadsworth. On the morning of January 1, 2023, Officer Blubaugh and some other officers responded to a domestic incident on Mechanic Street involving multiple people. While they were there outside gathering information, they heard someone talking. Approximately 60 yards away, they saw a man who appeared to be intoxicated near a vehicle.

{¶9} So that the individual did not drive away, Officer Blubaugh walked over towards the man and the car. As Officer Blubaugh got closer, he could see that the man, whom he later identified as Guber, had poor balance and was either trying to get into the car or see into it. Officer Blubaugh determined that Guber was intoxicated.

{¶10} Guber was unable to provide Officer Blubaugh with Guber's social security number, and so Officer Blubaugh used Guber's name and date of birth to have dispatch verify his identity. Officer Blubaugh was unsure whether Guber was having difficulty with his social

security number because of his intoxication or because he was trying to deceive Officer Blubaugh. Due to communication issues with Guber, Officer Blubaugh also initially had difficulty connecting Guber to the vehicle he was close to. From dispatch, Officer Blubaugh also learned that Guber had an active warrant for failure to appear; Officer Blubaugh testified that he was obligated to arrest Guber because Guber was within the pickup radius.

{¶11} Officer Blubaugh did not inform Guber that there was a warrant out for his arrest because Officer Blubaugh was alone and was waiting for back up to arrive. Officer Blubaugh was very concerned that Guber would pose a safety risk; he noted that Guber was highly intoxicated, was "very animated and bouncing around[,]" he kept looking around for what appeared to be an escape route, and he kept touching his pockets, jacket, and waistline. Officer Blubaugh told Guber to keep his hands where Officer Blubaugh could see them, but Guber kept taking his right hand and putting it towards the small of his back. At that point, Officer Blubaugh opted not to wait for backup and proceeded to arrest Guber.

{¶12} Officer Blubaugh got Guber's hands together but struggled to put the cuffs on due to Guber's clothing, which consisted of multiple layers. When Officer Blubaugh had to remove a hand from Guber, Guber pulled his hand away, tensed up, and widened his base. Officer Blubaugh was concerned Guber might be trying to flee. Guber took his right arm away and raised it high; Officer Blubaugh was initially concerned Guber was going to hit Officer Blubaugh, but Guber just wanted to keep his hand away. When Officer Blubaugh again asked for Guber's hand, and Guber failed to comply, Officer Blubaugh took Guber to the ground.

{¶13} When asked about how Guber resisted Officer Blubaugh, he explained that Guber tensed up and locked his arms, pulled his arm away, and then failed to comply with Officer Blubaugh's command to give Officer Blubaugh his hands. Officer Blubaugh also testified that it

took effort to get Guber to the ground. Guber initially rolled on to his back but was compliant when Officer Blubaugh rolled Guber to his belly. Officer Blubaugh was then able to get the handcuffs on Guber; however, when Officer Blubaugh went to check the security and tightness of the cuffs, Guber began grabbing Officer Blubaugh's hand. Officer Blubaugh asserted that all of these actions impeded, obstructed, and slowed down his ability to arrest Guber. Officer Blubaugh acknowledged that Guber's behavior was far from the worst resistance he has seen but still believed that Guber was resisting arrest.

{¶14} Officer Blubaugh did not inform Guber he was being arrested for an active warrant until after Guber was on the ground. Nonetheless, Officer Guber testified that during the process of trying to arrest Guber, Guber demanded to know why he was being arrested, evidencing that he knew he was being arrested. Officer Blubaugh explained that his intention was to explain to Guber what was happening after he had the handcuffs secured on him, and that the same was his normal procedure due to safety concerns.

{¶15} A video of Officer Blubaugh's body camera footage was also played for the jury and admitted into evidence. The portion of the video played for the jury demonstrates that Guber was very intoxicated, as he himself admitted. Guber indicated that he had been sleeping in the vehicle he was next to and had no plans to drive while he was intoxicated. Officer Blubaugh took steps to identify Guber, the ownership of the vehicle, and Guber's status. Officer Blubaugh did have to repeatedly remind Guber to keep his hands where Officer Blubaugh could see them. When Guber continued not to comply, Officer Blubaugh asked Guber if he had anything on him, Guber indicated that he did not. However, Guber also began gesturing and moving his jacket around, despite Officer Blubaugh telling him to stop. Guber appeared to be attempting to demonstrate that he did not have anything on him. At that point, Officer Blubaugh grabbed Guber's hand and put

it behind his back. Guber then asked why he was being arrested as Officer Blubaugh was trying to put handcuffs on Guber. Officer Blubaugh told Guber that he kept putting his hands in his pockets. Guber then pulled his arm away from Officer Blubaugh and Officer Blubaugh told Guber to stop and to turn around. Officer Blubaugh then took Guber to the ground. Officer Blubaugh told Guber to roll onto his belly and Guber complied. Officer Blubaugh was then able to secure the handcuffs on Guber. While Officer Blubaugh seemed to be checking the handcuffs, Guber can be seen moving his fingers somewhat, but it is difficult to say that Guber was grabbing at Officer Blubaugh in any meaningful way.

{¶16} While this is undoubtedly not the most egregious case of resisting arrest this Court has encountered, we conclude that Guber has failed to demonstrate his conviction was supported by insufficient evidence. There was evidence presented that Guber had a warrant out for his arrest and that Officer Blubaugh had a duty to arrest him pursuant to that warrant. There was also evidence that Guber understood he was being arrested at the time of the arrest. *See Jones*, 2022-Ohio-2122, at ¶ 9, quoting *Darrah*, 64 Ohio St.2d at 26. Without pointing to any case law in support of his argument, Guber asserts that he could not have acted recklessly with respect to the circumstances because he did not know why he was being arrested while he was being arrested. Guber's own words captured on the video evidence that Guber understood he was being arrested. Additionally, there was evidence that Officer Blubaugh was in a police uniform at the time of the encounter, providing some support that Officer Blubaugh was acting pursuant to governmental authority. Given those circumstances, resistance by Guber could be deemed reckless, even if he did not know precisely the reason he was being arrested. "A person is reckless with respect to circumstances when, with heedless indifference to the consequences, the person disregards a substantial and unjustifiable risk that such circumstances are likely to exist." R.C. 2901.22(C). In

other words, reckless behavior by definition involves a lack of complete certainty as to the circumstances. *Compare* R.C. 2901.22(C) *with* R.C. 2901.22(B).

{¶17} Further, there is authority that supports that Guber's act of pulling away from Officer Blubaugh while he was in the process of arresting Guber is sufficient to support that Guber, either by force or recklessly, resisted arrest. *See State v. Kornilov*, 11th Dist. Portage No. 2012-P-0029, 2012-Ohio-6218, ¶ 33. In addition, there was evidence that Guber tensed up, locked his arms, and failed to comply with Officer Blubaugh's instructions after Guber pulled his arm away. This required Officer Blubaugh to take Guber to the ground.

{¶18} Accordingly, Guber has not demonstrated that his conviction is supported by insufficient evidence. Guber's first assignment of error is overruled.

## ASSIGNMENT OF ERROR II

APPELLANT'S CONVICTION AS TO RESISTING ARREST WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

{¶19} Guber argues in his second assignment of error that his conviction is against the manifest weight of the evidence. Guber essentially reiterates his prior argument.

> In determining whether a criminal conviction is against the manifest weight of the evidence, an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.

*State v. Otten*, 33 Ohio App.3d 339, 340 (9th Dist.1986). An appellate court should exercise the power to reverse a judgment as against the manifest weight of the evidence only in exceptional cases. *Id.*

{¶20} While Officer Blubaugh's recitation of the events differed slightly from what is contained on the video, the video does support that Guber knew he was being placed under arrest,

but nonetheless pulled his arm away from Officer Blubaugh, ultimately requiring Guber to be taken to the ground. For the same reasons articulated above, we cannot conclude that the fact that Guber was not told during the arrest why he was being arrested requires the conclusion that the jury lost its way in convicting him. The jury was able to observe the testimony of Officer Blubaugh and watch the video. It was in the best position to evaluate credibility and was free to believe, all, none, or part of that testimony. *State v. Yost*, 9th Dist. Summit No. 30625, 2024-Ohio-545, ¶ 7. Guber has not shown that the jury created a manifest miscarriage of justice in finding him guilty.

**{¶21}** Guber's second assignment of error is overruled.

II.

**{¶22}** Guber's assignments of error are overruled. The judgment of the Wadsworth Municipal Court is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Wadsworth Municipal Court, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to

mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
DONNA J. CARR
FOR THE COURT

SUTTON, P. J.
HENSAL, J.
CONCUR.

APPEARANCES:

ERIC D. HALL, Attorney at Law, for Appellant.

JARED C. ROBERTS, Attorney at Law, for Appellee.