[Cite as *Schenck v. Schenck*, 2013-Ohio-991.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

PATRICK JAY SCHENCK, :

    Plaintiff-Appellant, : CASE NO. CA2012-08-150

: O P I N I O N
- vs - 3/18/2013

:

ROSA I. SCHENCK, :

    Defendant-Appellee. :

APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
DOMESTIC RELATIONS DIVISION
Case No. DR2011-08-0961

Patrick A. Binns, 102 East State Street, Trenton, Ohio 45067-1528, for plaintiff-appellant

Vincent A. Sanzone, Jr., 1600 First Avenue, Middletown, Ohio 45044, for defendant-appellee

**PIPER, J.**

{¶ 1} Plaintiff-appellant, Patrick Schenck, appeals a decision of the Butler County Court of Common Pleas, Domestic Relations Division, regarding the determination of spousal support and the allocation of assets and liabilities following his divorce from defendant-appellee, Rosa Schenck.

{¶ 2} Patrick Schenck ("Husband") and Rosa Schenck ("Wife") were married on November 26, 1997. The couple had two children, born on July 24, 1998 and February 17,

2000. On August 23, 2011, Husband filed a complaint for divorce. After a hearing on the merits, the trial court issued a Decision and Order on April 19, 2012, wherein the court made findings as to spousal support and parenting rights. The court also found Wife to be voluntarily underemployed, and imputed income to her to arrive at a spousal support award to Wife of $739.50 per month for a term of four years. The order also stated that the parties had stipulated to the division of household goods, bank accounts, and all marital assets and debts. On July 5, 2012, the trial court issued a final Decree of Divorce, which incorporated the April 19, 2012 order in full.

{¶ 3} Husband now appeals, raising three assignments of error for review. For ease of analysis, we will address Husband's first and second assignments of error together.

{¶ 4} Assignment of Error No. 1:

{¶ 5} THE TRIAL COURT ERRED TO THE DETRIMENT OF THE PLAINTIFF-APPELLANT IN AWARDING A SUBSTANTIAL AMOUNT OF SPOUSAL SUPPORT TO THE DEFENDANT-APPELLEE WHERE THE DEFENDANT-APPELLEE WAS VOLUNTARILY UNDEREMPLOYED AND THE TRIAL COURT FOUNT [sic] THE DEFENDANT-APPELLEE WAS VOLUNTARILY UNDEREMPLOYED.

{¶ 6} Assignment of Error No. 2:

{¶ 7} THE TRIAL COURT ERRED TO THE DETRIMENT OF THE PLAINTIFF-APPELLANT IN THAT THE TRIAL COURT FAILED TO ANALYZE THE STATUATORY FACTORS LISTED IN O.R.C. 3105.18 IN MAKING THE SPOUSAL SUPPORT AWARD. [sic]

{¶ 8} Taken together, Husband's first and second assignments of error allege that the trial court erred in finding that spousal support was appropriate and reasonable.

{¶ 9} "It is well-established that a trial court has broad discretion in determining whether an award of spousal support is proper based on the facts and circumstances of each

case." *Ohmer v. Renn-Ohmer*, 12th Dist. No. CA2012-02-020, 2013-Ohio-330, ¶ 27; *Kunkle v. Kunkle*, 51 Ohio St.3d 64, 67 (1990). In turn, "absent an abuse of discretion, a spousal support award will not be disturbed on appeal." *Ohmer* at ¶ 27, quoting *Hutchinson v. Hutchinson*, 12th Dist. No. CA2009-03-018, 2010-Ohio-597, ¶ 16. An abuse of discretion is more than error of law or judgment; it requires a finding that the trial court's attitude was unreasonable, arbitrary or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶ 10} Husband first argues the trial court abused its discretion by awarding spousal support to Wife when it had already determined that Wife was voluntarily underemployed. Specifically, Husband contends that "[t]he question for this court is how someone who chooses not to work * * * is entitled to spousal support because she *chooses* not to work." (Emphasis sic.)

{¶ 11} Husband is essentially asking us to find that voluntary underemployment is an automatic bar to a spousal support award. However, he has not cited any authority to support his position. Accordingly, we reject this argument.

{¶ 12} Husband next contends that the trial court failed to consider the factors in R.C. 3105.18 in awarding spousal support.

{¶ 13} At the outset, we note that under R.C. 3105.18, there is no requirement that the trial court make specific findings of fact regarding its award of spousal support. In addition, here, the record indicates that Husband did not request specific findings of fact and conclusions of law pursuant to Civ.R. 52 regarding the trial court's spousal support order. In the absence of a request for separate findings of fact and conclusions of law, "the trial court need only consider the factors set forth in R.C. 3105.18; it need not list and comment upon each of them." *Carman v. Carman*, 109 Ohio App.3d 698, 703 (12th Dist.1996), quoting *Adams v. Adams*, 12th Dist. No. CA94-02-011, 1994 WL 372227, * 4 (July 18, 1994). *See*

*also Zollar v. Zollar*, 12th Dist. No. CA2008-03-065, 2009-Ohio-1008, ¶ 44.  Thus, when a party does not request findings of fact and conclusions of law, we will presume that the trial court considered all the factors listed in R.C. 3105.18 and all other relevant facts.  *Carman* at 703, citing *Cherry v. Cherry*, 66 Ohio St.2d 348, 356 (1981).

**{¶ 14}** R.C. 3105.18(C)(1) contains 14 factors that the trial court must consider in determining if spousal support is appropriate.  *Kedanis v. Kedanis*, 12th Dist. No. CA2012-01-015, 2012-Ohio-3533, ¶ 8.

**{¶ 15}** R.C. 3105.18(C)(1) states that the following should be considered:

> (a) The income of the parties, from all sources, including, but not limited to, income derived from property divided, disbursed, or distributed under section 3105.171 of the Revised Code;
>
> (b) The relative earning abilities of the parties;
>
> (c) The ages and the physical, mental, and emotional conditions of the parties;
>
> (d) The retirement benefits of the parties;
>
> (e) The duration of the marriage;
>
> (f) The extent to which it would be inappropriate for a party, because that party will be custodian of a minor child of the marriage, to seek employment outside the home;
>
> (g) The standard of living of the parties established during the marriage;
>
> (h) The relative extent of education of the parties;
>
> (i) The relative assets and liabilities of the parties, including but not limited to any court-ordered payments by the parties;
>
> (j) The contribution of each party to the education, training, or earning ability of the other party, including, but not limited to, any party's contribution to the acquisition of a professional degree of the other party;
>
> (k) The time and expense necessary for the spouse who is seeking spousal support to acquire education, training, or job experience so that the spouse will be qualified to obtain

appropriate employment, provided the education, training, or job experience, and employment is, in fact, sought;

(l) The tax consequences, for each party, of an award of spousal support;

(m) The lost income production capacity of either party that resulted from that party's marital responsibilities;

(n) Any other factor that the court expressly finds to be relevant and equitable.

{¶ 16} The primary focus of Husband's second argument is on R.C. 3105.18(C)(1)(b), namely, "[t]he relative earning abilities of the parties * * *." In particular, he argues that the trial court failed to impute sufficient income to Wife because she was voluntarily underemployed.

{¶ 17} Ohio courts have determined that earning ability involves "'both the amount of money one is capable of earning by his or her qualifications, as well as his or her ability to obtain such employment.'" *Carroll v. Carroll*, 5th Dist. No. 2004-CAF-05035, 2004-Ohio-6710, ¶ 22, quoting *Haniger v. Haniger*, 8 Ohio App.3d 286, 288 (10th Dist.1982). When considering the relative earning abilities of the parties in connection with an award of spousal support, courts need not restrict their inquiry to the amount of money actually earned, but may also hold a person accountable for the amount of money the person could have earned if he or she had made the effort. *Moore v. Moore*, 12th Dist. No. CA2006-09-066, 2007-Ohio-4355, ¶ 66. Thus, a court may impute income to a party who is voluntarily underemployed, or otherwise not working up to his or her full earning potential. *Id.* As with other spousal support determinations, findings of whether a party is voluntarily underemployed, and the amount of income that should be imputed to him or her, if any, are factual determinations to be made by the trial court based on the circumstances of each particular case. *Id.* at ¶ 67. The trial court's determination of these issues shall not be disturbed absent an abuse of discretion. *Id.*

{¶ 18} In the context of child support, R.C. 3119.01 lists criteria to be considered in determining the amount of income to impute to a parent. Those factors include the parent's prior employment experience and education, the parent's increased earning capacity because of experience, whether there is evidence that the parent has the ability to earn the imputed income, and any other relevant factor. R.C. 3119.01(C)(11)(a)(i)-(xi). The statutory section on spousal support is less explicit on the issue of imputing income to a spouse who is voluntarily unemployed or voluntarily underemployed. Nevertheless, we have consistently approved a trial court's imputation of income for purposes of determining spousal support. *See Moore*, 2007-Ohio-4355 at ¶ 65; *Rotte v. Rotte*, 12th Dist. No. CA2004-10-249, 2005-Ohio-6269.

{¶ 19} We first note that neither party disputes the trial court's finding that Wife was voluntarily underemployed. Husband only argues that the trial court imputed an unreasonably low amount of income to Wife. We disagree.

{¶ 20} During the final hearing on the divorce, Wife testified that she worked four to eight hours per week as an interpreter with Vocallink at a rate of $18 per hour. Wife stated that she was able to create her own schedule and that she choose to work such low hours. At first, Wife indicated that it was possible to work as many as 40 hours per week, but she later clarified that she could actually only work 20 hours per week. She explained that Vocalink limited its employees to four, one-hour appointments per weekday, except during emergencies.

{¶ 21} In determining Wife's imputed income, the trial court considered this evidence, as well as Wife's testimony that she was in school two nights a week to earn her bachelor's degree in social work, and that she needed three more years to complete her education. Wife also stated that she did not work during the marriage in order to care for the parties' children. After reviewing this testimony, the trial court imputed 14 hours per week at $18 per

hour for 48 weeks, for a total annual income of $12,096.

**{¶ 22}** We find that the trial court did not abuse its discretion in calculating the level of Wife's imputed income. First, contrary to Husband's assertion, we do not believe that it was unreasonable for the court to impute 14, rather than 40, hours of work to Wife, given her testimony that her employer generally limited her workweek to 20 hours. Additionally, during the marriage, Wife sacrificed her earning potential to rear the parties' two children, and Husband did not present any evidence that Wife had the skill set or opportunity to earn a higher wage, at least until she obtained her college degree. Under these circumstances, we reject Husband's argument that the trial court imputed an insufficient amount of income to Wife, as the amount imputed accurately reflected Wife's earning ability. *See Petrusch v. Petrusch*, 2nd Dist. No. 15960, 1997 WL 102014, * 4 (Mar. 7, 1997) ("the amount imputed must bear some rational relationship to the party's earning ability").

**{¶ 23}** We also find that the trial court adequately reviewed the remaining factors in R.C. 3105.18(C)(1).

**{¶ 24}** In its final entry, the court stated that it had considered the parties' prior standard of living, the length of the marriage, and Wife's responsibilities to the children. R.C. 3105.18(C)(1)(e), (g), (m). Although Husband argues otherwise, the trial court also considered the fact that Wife was voluntarily underemployed, as evidenced by the fact that it imputed income to Wife. *See* R.C. 3105.18(C)(1)(b). The court also considered the significant disparity between Wife's annual imputed income of $12,096 and Husband's annual income of $50,000, in accordance with R.C. 3105.18(C)(1)(a).

**{¶ 25}** Accordingly, a review of the record indicates that the trial court heard the testimony of the parties and considered the pertinent factors of R.C. 3105.18(C)(1) in making its spousal support determination. We do not find that the trial court abused its discretion in this matter.

{¶ 26} Husband's first and second assignments of error are overruled.

{¶ 27} Assignment of Error No. 3:

{¶ 28} THE TRIAL COURT ERRED TO THE DETRIMENT OF THE PLAINTIFF-APPELLANT BY FAILING TO APPORTION THE INTERNAL REVENUE SERVICE DEBT AND TAX REFUND TO THE DEFENDANT-APPELLEE AND FAILED TO REQUIRE HER PAYMENT OF THE DEBT PROPORTIONATELY WITH PLAINTIFF-APPELLANT.

{¶ 29} In his final assignment of error, Husband contends that the trial court abused its discretion when it failed to divide a $4,600 tax debt and $13,000 in tax refunds between the parties as marital property.

{¶ 30} Husband did not preserve this issue for appeal, as he failed to raise his objection before the trial court, despite having ample opportunity to do so.

{¶ 31} During the final hearing on the divorce, Husband, represented by counsel, told the court that all issues had been resolved except for parenting and spousal support. Further, Husband did not object when Wife confirmed with the court that "all of [their] financials ha[d] been divided," and that Wife was satisfied with the division. *See Presjak v. Presjak*, 11th Dist. No. 2009-T-0077, 2010-Ohio-1455, ¶ 39-52 (spouse waived a challenge to the division of property on appeal, where spouse had stipulated to the division during the final divorce hearing with the assistance of counsel); *Thomas v. Thomas*, 5 Ohio App.3d 94, 98 (5th Dist.1982) ("where * * * a party has initiated negotiations leading to an 'in-court' settlement stipulation incorporating essentially all of his demands, he should not be permitted to contend that the court in approving and adopting the bargain he struck has acted so unfairly as to constitute an abuse of discretion").

{¶ 32} It is well-established that a party cannot raise new issues for the first time on appeal. *Hamilton v. Ebbing*, 12th Dist. No. CA2011-01-001, 2012-Ohio-2250, fn. 3. Because Husband did not raise this argument at any time below, we find that he waived this issue on

appeal.

**{¶ 33}** Husband's third assignment of error is overruled.

**{¶ 34}** Judgment affirmed.

RINGLAND, P.J., and M. POWELL, J., concur.