[Cite as *Hayes v. Durrani*, 2021-Ohio-725.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

|  |  |  |
|---|---|---|
| DOUGLAS HAYES, as Administrator of the Estate of William Hayes, | : | APPEAL NO. C-190617 |
|  |  | TRIAL NO. A-1706454 |
|  | : |  |
| Plaintiff-Appellant, |  | *O P I N I O N.* |
|  | : |  |
| vs. |  |  |
|  | : |  |
| ABUBAKAR ATIQ DURRANI, M.D., |  |  |
|  | : |  |
| and |  |  |
|  | : |  |
| CENTER FOR ADVANCED SPINE TECHNOLOGIES, INC., |  |  |
|  | : |  |
| Defendants-Appellees. | : |  |

Civil Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Affirmed

Date of Judgment Entry on Appeal:  March 12, 2021

*Robert A. Winter, Jr.,* and *The Deters Law Firm Co. II, P.A.*, *James F. Maus* and *Alex Petraglia*, for Plaintiff-Appellant,

*Taft Stettinius & Hollister LLP, Russell S. Sayre, Aaron M. Herzig, Philip D. Williamson* and *Anna M. Greve*, for Defendants-Appellees.

**MYERS, Judge.**

{¶1}   Douglas Hayes, as the administrator of the estate of his deceased father William Hayes ("William"), appeals the trial court's entry granting judgment in favor of Abubakar Atiq Durrani, M.D., and the Center for Advanced Spine Technologies, Inc., ("CAST") on Hayes's claims asserted against them.

### *Factual and Procedural Background*

{¶2}   After experiencing pain in his lower back for several months, William was referred to Dr. Durrani, who performed surgery on William's back in June of 2012.   Dr. Durrani performed a second surgery on William's back in December of 2012.  Approximately four months later, William passed away.  At the time of his death, he was receiving chemotherapy for multiple myeloma.

{¶3}   Hayes filed a medical malpractice complaint against Dr. Durrani and CAST relating to Dr. Durrani's treatment of William.   The complaint asserted claims for negligence, battery, lack of informed consent, intentional infliction of emotion distress, and fraud against Dr. Durrani, and claims of vicarious liability, negligent hiring, retention, and supervision, and fraud against CAST.[1]

{¶4}   The claims were tried to a jury.  Dr. Durrani did not appear at trial because he had left the country and fled to Pakistan.  The trial court declined to provide a jury instruction regarding Dr. Durrani's flight.  In a pretrial order, it stated:

> The Court will not give an instruction on Flight or the jury's ability to
>
> consider Flight.  It is just as plausible if not more so to determine that

---

[1] Hayes also asserted claims for spoliation of evidence and a violation of the Ohio Consumer Sales Protection Act, but withdrew those prior to trial.

the Defendant Dr. Durrani has fled from the criminal charges against him as it is to determine that he has fled the civil claims herein.

\* \* \*

Giving the jury the opportunity to make this determination would take the trial down a path that is not probative to the determination of the claims asserted by the Plaintiff. A flight instruction is not appropriate.

{¶5} The pretrial order additionally stated that any testimony regarding the activities of Dr. Durrani after his last treatment of William was not relevant and was inadmissible.

{¶6} At the close of trial, the jury returned an interrogatory indicating that it found Dr. Durrani was negligent in his care and treatment of William, specifically finding that "he did not address the L1 compression fracture initially" and that he "was negligent in his overall documentation." But the jury returned a separate interrogatory indicating that Dr. Durrani's negligence was not the proximate cause of harm to William. The remaining interrogatories found that Dr. Durrani had not failed to acquire informed consent from William, had not committed battery on William, and had not fraudulently misrepresented the necessity of William's surgery. Based on the interrogatories, the jury rendered a verdict for Dr. Durrani and CAST, and the trial court entered judgment in their favor.

### *Dr. Durrani's Flight*

{¶7} In a single assignment of error, Hayes argues that the trial court erred by entering judgment in favor of Durrani and CAST. He specifically contends that the trial court erred by failing to give the jury an instruction on flight and by failing

to allow Hayes to cross-examine Dr. Durrani's expert witnesses about Dr. Durrani's flight.

### 1. *Jury Instruction on Flight*

{¶8}　We review the trial court's decision to not provide a jury instruction on Dr. Durrani's flight for an abuse of discretion. *O'Loughlin v. Mercy Hosp. Fairfield*, 1st Dist. Hamilton No. C-130484, 2015-Ohio-152, ¶ 26. An abuse of discretion connotes more than a mere error of judgment; rather, "it implies that the court's attitude is arbitrary, unreasonable, or unconscionable." *Boolchand v. Boolchand*, 1st Dist. Hamilton No. C-200111, 2020-Ohio-6951, ¶ 9.

{¶9}　Jury instructions that are relevant and necessary for the jury to weigh the evidence and discharge its duty as the factfinder should be provided. *State v. Rike*, 1st Dist. Hamilton No. C-190401, 2020-Ohio-4690, ¶ 41. Hayes argues that the jury should have been instructed on Dr. Durrani's flight because a flight from justice may be indicative of a consciousness of responsibility and liability to Hayes. In rejecting Hayes's argument, the trial court reasoned that it was equally, if not more so, plausible that Dr. Durrani had fled to Pakistan to avoid the criminal charges that had been filed against him, rather than Hayes's civil claims, and that such an instruction was "not probative to the determination of the claims asserted by the Plaintiff."

{¶10}　There is nothing arbitrary, unreasonable, or unconscionable about the trial court's determination. The court clearly considered the requested instruction and determined that it would require speculation as to why Dr. Durrani fled and that it was not probative towards resolution of Hayes's claims. We find no abuse of discretion in the trial court's denial of the requested instruction on flight.

{¶11}   And even if the trial court had abused its discretion, any resulting error in failing to give an instruction on flight was harmless.   The jury found that Dr. Durrani was negligent in his treatment of William, indicating that an instruction on flight was not necessary for the jury to find liability on the part of Dr. Durrani.   But the jury further found that Dr. Durrani's negligence was not the proximate cause of harm to William, and an instruction on flight had no bearing on that determination.

### 2.  Cross-Examination on Flight

{¶12}   Hayes additionally argues that the trial court erred by failing to allow him to cross-examine the defendants' expert witnesses about Dr. Durrani's flight.

{¶13}   A trial court has broad discretion concerning the admission or exclusion of evidence, and we will not reverse a trial court's ruling on an evidentiary issue "absent an abuse of discretion and proof of material prejudice."   *State v. Lavender*, 2019-Ohio-5352, 141 N.E.3d 1000, ¶ 9 (1st Dist.).

{¶14}   Hayes asserts that because the only way that Dr. Durrani was "heard" at trial was through his medical records, which Hayes argues did not accurately state William's medical condition, he should have been permitted pursuant to Evid.R. 806 to cross-examine the defendants' experts about Dr. Durrani's flight as a means of attacking the credibility of Dr. Durrani and his medical records.   Evid.R. 806 provides in relevant part that:

> (A) When a hearsay statement * * * has been admitted in evidence, the credibility of the declarant may be attacked, and if attacked may be supported, by any evidence that would be admissible for those purposes if declarant had testified as a witness.

(B) Evidence of a statement or conduct by the declarant at any time, inconsistent with the declarant's hearsay statement, is not subject to any requirement that the declarant may have been afforded an opportunity to deny or explain.

{¶15} The trial court's pretrial order prohibited any testimony regarding the activities of Dr. Durrani after his last treatment of William, which would include Dr. Durrani's flight, because such evidence was not relevant to or probative of the asserted claims. The trial court did not prohibit Hayes from cross-examining the defense experts on Dr. Durrani's medical records, but rather limited the manner in which such actions could be undertaken by prohibiting questioning on Dr. Durrani's flight. We find no abuse of discretion in the trial court's determination.

{¶16} And even if the trial court erred in prohibiting Hayes from cross-examining the defense experts on Dr. Durrani's flight, we find that Hayes suffered no material prejudice. *See Lavender*, 2019-Ohio-5352, 141 N.E.3d 1000, at ¶ 9. As discussed above, the jury found that Dr. Durrani was negligent in his treatment of William, but that Dr. Durrani's negligence was not the proximate cause of harm to William. That the jury found liability on the part of Dr. Durrani established that it did not need evidence of flight to find against him.

### 3. Conclusion

{¶17} The trial court did not abuse its discretion in failing to provide a jury instruction on flight or in prohibiting Hayes from cross-examining the defense experts on Dr. Durrani's flight. We therefore find that the trial court did not err in entering judgment in favor of Dr. Durrani and CAST and against Hayes. Hayes's assignment of error is overruled, and the judgment of the trial court is affirmed.

Judgment affirmed.


**ZAYAS, P.J.,** and **CROUSE, J.,** concur.


Please note:

The court has recorded its own entry on the date of the release of this opinion.