[Cite as *State v. Pitts*, 2022-Ohio-4172.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-220080 |
| | | TRIAL NO. C-22CRB-230A |
| Plaintiff-Appellee, | : | |
| vs. | : | |
| | | *O P I N I O N.* |
| GREGORY PITTS, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal From: Hamilton County Municipal Court

Judgment Appealed From Is: Affirmed

Date of Judgment Entry on Appeal: November 23, 2022

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Mary Stier*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Raymond T. Faller*, Hamilton County Public Defender, and *David H. Hoffman*, Assistant Public Defender, for Defendant-Appellant.

**BOCK, Judge.**

**{¶1}** Defendant-appellant Gregory Pitts appeals the trial court's judgment finding him guilty of resisting arrest, arguing that it was based on insufficient evidence and against the manifest weight of the evidence. We affirm the trial court's judgment.

## I.    Facts and Procedure

**{¶2}** Pitts was charged with domestic violence, in violation of R.C. 2919.25, and resisting arrest, in violation of R.C. 2921.33(B). The domestic-violence charge was dismissed for want of prosecution. The court held a bench trial on the resisting-arrest charge.

**{¶3}** Officer Nick Michael, with the Mount Healthy Police Department, provided the only testimony. He testified that he was one of the officers who responded to the home. Pitts's mother, C.P., was outside of the home and told the officers that Pitts had "poked her in the head several times," yelled at her, and pushed her.

**{¶4}** Michael testified that the officers asked Pitts to come out of the home, but Pitts refused. The state played the police officers' body-worn-camera video ("BWC").

### BWC showed the officers' intent to arrest Pitts and Pitts's resistance

**{¶5}** The footage showed the officers first encountering a visibly upset C.P. She sobbed as she explained what had happened. The officers entered the house and asked Pitts to come and speak with them. Pitts stood at the top of the steps in the bi-level home and responded, "No, last time y'all took me to jail and I didn't do nothing, I'm not doing that again." He stated repeatedly that he "didn't do nothing," followed by, "For what? What did I do? Y'all [are going to] try to take me to jail." He then went into the kitchen.

{¶6} Once the officers entered the home, Pitts ran into the dining room, yelling repeatedly that he did not do anything. The officers caught up with Pitts before he could exit out the back door and struggled with him as they attempted to handcuff him, but Pitts went under the table and held onto it to avoid being subdued.

{¶7} While the officers made repeated commands for Pitts to let go of the table, turn around, put his hands behind his back, and stop resisting, Pitts stated that he did not want to go to jail. The officers told Pitts that they would tase him unless he allowed them to handcuff him. Pitts did not allow them to handcuff him, so three officers deployed their tasers. The first two deployments missed. The BWC showed the prongs lying on the floor near Pitts. The third deployment struck Pitts, but it had no effect.

{¶8} The officers had to flip the table over and wrestle further with Pitts before they were able to subdue and handcuff him, which required the assistance of five officers. Michael kneeled onto the floor to assist with the handcuffing. Once Pitts was subdued, the BWC showed a prong sticking out of Michael's knee.

{¶9} Pitts was taken to the hospital for examination. He told the Mt. Healthy police misconduct sergeant, Greg Nolte, that the officers intended to take him to jail and there was no physical evidence that he had harmed his mother.

## II. Law and Analysis

{¶10} In his sole assignment of error, Pitts argues that his conviction was based on insufficient evidence and, in the alternative, that he is entitled to a new trial as the conviction was against the manifest weight of the evidence.

### A. The trial court's judgment was based on sufficient evidence

{¶11} The test for determining the sufficiency of the evidence is whether "after

3

viewing the probative evidence and inferences reasonably drawn therefrom in the light most favorable to the prosecution, any rational trier of fact could have found all the essential elements of the offense beyond a reasonable doubt." *State v. MacDonald*, 1st Dist. Hamilton No. C-180310, 2019-Ohio-3595, ¶ 12, quoting *State v. Martin*, 20 Ohio App.3d 172, 485 N.E.2d 717 (1st Dist.1983). Sufficiency is a question of law for the court to determine and this court should not weigh the evidence. *Id.* at ¶ 12.

{¶12} Pitts was convicted of resisting arrest under R.C. 2921.33(B), which provides, "No person, recklessly or by force, shall resist or interfere with a lawful arrest of the person or another person and, during the course of or as a result of the resistance or interference, cause physical harm to a law enforcement officer."

<u>Pitts's arrest was lawful</u>

{¶13} A "lawful arrest" is an element of resisting arrest, and the prosecution must prove beyond a reasonable doubt that the arrest was lawful. *In re M.H.*, 2021-Ohio-1041, 169 N.E.3d 971, ¶ 25 (1st Dist.). "To be a lawful arrest, the arresting officer must have probable cause or a reasonable basis to believe that the offense for which the defendant has been arrested did, in fact, occur." *Id.*, quoting *State v. Glenn*, 1st Dist. Hamilton No. C-030356, 2004-Ohio-1489, ¶ 23.

{¶14} Pitts argues for the first time in his reply brief that the officers had no probable cause or reasonable basis to arrest him. Pitts may not raise an argument for the first time in his reply and we need not consider this argument. *State v. Svoboda*, 2021-Ohio-4197, 180 N.E.3d 1277, ¶ 88 (1st Dist.).

{¶15} Pitts argues that he did not know that he was under arrest because when he began to resist, the officers had not indicated that he was under arrest. This argument is without merit. Pitts stated on the BWC that he was concerned that he was

4

going to be arrested and he did not want to go to jail. And even if that were not enough, Pitts told Sergeant Nolte that he knew that the officers intended to arrest him.

{¶16} Even if Pitts initially was unaware that the officers intended to arrest him, it quickly became obvious that the officers intended to detain and arrest Pitts. They (1) chased Pitts through the house, (2) threatened to—and did—tase Pitts, and (3) repeatedly told Pitts to put his hands behind his back and to stop resisting. Pitts concedes that he struggled with officers while they commanded him to stop resisting and tried to handcuff him. Nevertheless, Pitts continued to vigorously resist to the point of destroying items in the dining room as the officers tried to subdue him.

{¶17} Officers were engaged in a lawful arrest when Pitts resisted.

<u>Pitts's resistance caused Officer Michael's injury</u>

{¶18} Pitts argues that his resistance did not cause Officer Michael's injury. In his appellate brief, Pitts argues that his resistance was neither the proximate cause nor the cause-in-fact of Michael's injury. But in his reply brief he concedes that his resistance was the cause-in-fact of Michael's injury, but not the proximate cause.

{¶19} "[I]t is well established that Ohio law generally defines 'cause' in criminal cases identically to the definition of 'proximate cause' in civil cases." *State v. Carpenter*, 2019-Ohio-58, 128 N.E.3d 857, ¶ 51 (3d Dist.). To establish that a defendant's conduct caused a certain result, this court must determine if the conduct was both the actual and legal cause of the result. *State v. Lovelace*, 137 Ohio App.3d 206, 216, 738 N.E.2d 418 (1st Dist.1999). Actual causation may be shown even if the defendant's conduct was not the sole cause of the result. *Carpenter* at ¶ 52. The conduct can be part of a chain of events causing an injury. *Id*. The legal—or "proximate" cause—involves the foreseeability of the result. *Id*. at ¶ 53.

5

**{¶20}** Pitts concedes that his behavior was the actual cause of Michael's injuries. And Pitts's actions were also the proximate cause of Michael's injuries. His conduct, as seen on the BCW, involved flailing his body and struggling. A reasonable person in the same or similar circumstances should have known that the officers may have missed when they deployed their tasers because Pitts was a moving target. Pitts's continued resistance required Michael and the other officers to kneel on the floor, in the vicinity of the prongs that missed Pitts, to assist with handcuffing Pitts. The footage shows Michael's discovery that he had kneeled on one of the prongs as it was sticking out of his knee and still attached to the wire.

**{¶21}** Sufficient evidence supports Pitts's conviction.

B. <u>The conviction was not against the manifest weight of the evidence</u>

**{¶22}** In reviewing a weight-of-the-evidence claim, this court must review "the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses and determine whether, in resolving conflicts in the evidence, the [trier of fact] clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *State v. Bailey*, 1st Dist. Hamilton No. C-140129, 2015-Ohio-2997, ¶ 59, quoting *State v. Thompkins,* 78 Ohio St.3d 380, 678 N.E.2d 541 (1997). Evidence that is susceptible to more than one construction should be construed consistently with the judgment. *In re J.C.,* 1st Dist. Hamilton No. C-180493, 2019-Ohio-4027, ¶ 20.

**{¶23}** The weight of the evidence and witness credibility are primarily for the trier of fact. *Bailey* at ¶ 63. In reviewing a challenge to the weight of the evidence, this court sits as a "thirteenth juror." *State v. Curry*, 1st Dist. Hamilton No. C-180493, 2020-Ohio-1230, ¶ 17, quoting *Thompkins*. But this court will not substitute its

judgment for that of the trier of fact on the issue of witness credibility unless it is patently apparent that the trier of fact lost its way in arriving at its verdict. *Bailey* at ¶ 63.

**{¶24}** This court should reverse a conviction and grant a new trial only in "exceptional cases in which the evidence weighs heavily against the conviction." *Id.* "The trier of fact is in the best position to judge the credibility of the witnesses and the weight to be given to the evidence presented." *State v. Carson*, 1st Dist. Hamilton No. C-180336, 2019-Ohio-4550, ¶ 16.

**{¶25}** The video showed that Pitts knew he was being arrested and he strenuously resisted—running, hiding under the table, and flailing his body. There is no dispute that Michael was injured when he knelt on a taser prong while attempting to handcuff Pitts. The trial court did not lose its way.

**{¶26}** We overrule Pitts's assignment of error.

### III.    Conclusion

**{¶27}** Pitts's conviction was based on sufficient evidence and the trial court did not lose its way or create a manifest injustice. Pitt's sole assignment of error is overruled. The trial court's judgment is affirmed.

Judgment affirmed.

**CROUSE, P.J.,** and **WINKLER, J.,** concur.

Please note:

The court has recorded its entry on the date of the release of this opinion.