[Cite as *State v. Dowell*, 2025-Ohio-2425.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

STATE OF OHIO,                      :          APPEAL NO.    C-240712
                                               TRIAL NOS.    C/24/CRB/7008/A/B
    Plaintiff-Appellant,        :

  vs.                               :
                                                    *JUDGMENT ENTRY*

KIERSTEN DOWELL,                    :

    Defendant-Appellee.         :


This cause was heard upon the appeal, the record, and the briefs.

The judgments of the trial court are reversed and the cause is remanded for the reasons set forth in the Opinion filed this date.

Further, the court holds that there were reasonable grounds for this appeal, allows no penalty, and orders that costs are taxed under App.R. 24.

The court further orders that 1) a copy of this Judgment with a copy of the Opinion attached constitutes the mandate, and 2) the mandate be sent to the trial court for execution under App.R. 27.


**To the clerk:**

**Enter upon the journal of the court on 7/9/2025 per order of the court.**


**By:**_____
       **Administrative Judge**

[Cite as *State v. Dowell*, 2025-Ohio-2425.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO


| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-240712 |
| | | TRIAL NOS. C/24/CRB/7008/A/B |
| Plaintiff-Appellant, | : | |
| vs. | : | |
| | | *O P I N I O N* |
| KIERSTEN DOWELL, | : | |
| Defendant-Appellee. | : | |


Criminal Appeal From: Hamilton County Municipal Court

Judgments Appealed From Are: Reversed and Cause Remanded

Date of Judgment Entry on Appeal: July 9, 2025


*Connie M. Pillich*, Hamilton County Prosecuting Attorney, and *John D. Hill, Jr.*, Assistant Prosecuting Attorney, for Plaintiff-Appellant,

*Raymond T. Faller*, Hamilton County Public Defender, and *David H. Hoffmann*, Assistant Public Defender, for Defendant-Appellee.

**NESTOR, Judge.**

{¶1}    After police were informed that defendant-appellee Kiersten Dowell was experiencing a mental health crisis, they intended to bring her into custody for the purpose of transferring her to treatment, as permitted by Ohio's civil commitment law. However, Dowell refused to go with the officers, and eventually, they arrested her and charged her with obstructing official business and resisting arrest. Dowell filed motions to dismiss the complaints, highlighting the lack of any criminal penalty in Ohio's civil commitment law. The trial court dismissed the complaints, and the State appeals those judgments. After reviewing relevant caselaw, we agree with the State that the trial court erred in dismissing the complaints and remand the cause to the trial court for further proceedings.

## I.    *Factual and Procedural History*

{¶2}    In April 2024, Dowell was at her physician's office when she expressed suicidal ideations. Out of concern for Dowell's safety, her physician signed an emergency hospital admission form for Dowell to receive treatment. Before Dowell was admitted, she left her physician's office. Her physician then notified the police of the circumstances. Ohio's civil commitment law, R.C. 5122.10, permits police officers to take an individual who "represents a substantial risk of physical harm to [themselves] . . . into custody and . . . immediately transport the person to a hospital." R.C. Ch. 5122 does not include a criminal penalty for individuals subject to involuntary civil commitment.

{¶3}    Shortly after her physician notified police of the situation, an officer spotted Dowell in her vehicle and pulled her over. The officer informed Dowell that he would take her into custody so that she could be evaluated for her ongoing mental health crisis. During their interaction, the officer informed her that she was not being

"criminally arrested." Likely as a result of her mental state, Dowell refused to engage with the officer and refused to exit from her vehicle. A second officer arrived on the scene. Dowell eventually exited from her vehicle, but she still refused to go with the officers.

{¶4} After failing to reason with Dowell, the officers attempted to put her into handcuffs. A struggle ensued. Throughout this chaos, officers told Dowell that if she did not comply with their attempt to take her into custody, she would be *criminally* arrested for obstruction of official business. Officers successfully put one of Dowell's hands into the cuffs, but the trio continued to struggle, as Dowell twisted and fought so the officers could not get her second hand into cuffs. Eventually, the officers got Dowell into handcuffs and put her in the back of a police cruiser. The State then charged Dowell with obstructing official business under R.C. 2921.31 and resisting arrest under R.C. 2921.33.

{¶5} Dowell filed motions to dismiss her charges, arguing that she did not obstruct official business and did not resist arrest because R.C. 5122.10 does not provide a criminal penalty for refusing to submit to police custody. The trial court granted Dowell's motions. The State now appeals, asserting a single assignment of error. It argues that the trial court erred in granting Dowell's motions to dismiss.

## II. Analysis

{¶6} Typically, we "review[] a trial court's decision on a motion to dismiss an indictment for abuse of discretion." *State v. Troisi*, 2022-Ohio-3582, ¶ 17, citing *State v. Keenan*, 2015-Ohio-2484, ¶ 7. However, "[w]e review a trial court's legal conclusions in ruling on a pretrial motion to dismiss criminal charges de novo." *State v. Williams*, 2023-Ohio-3526, ¶ 14 (11th Dist.), citing *State v. Frasure*, 2008-Ohio-1504, ¶ 35 (11th Dist.). Thus, we review the trial court's decision here de novo, as it

determined that there was no crime.

**{¶7}** "A motion to dismiss an indictment tests the legal sufficiency of the indictment, regardless of the quality or quantity of the evidence that may be introduced by either the state or the defendant." *State ex rel. Steffen v. Judges of the Court of Appeals for the First Appellate Dist.*, 2010-Ohio-2430, ¶ 34, citing *State v. Certain*, 2009-Ohio-148, ¶ 4. "The real inquiry concerns whether the indictment is valid on its face, and courts have upheld a trial court's denial of a motion to dismiss when the indictment clearly alleged acts that fulfilled each element of the crime charged." *State v. Flantoill*, 2024-Ohio-5224, ¶ 12 (1st Dist.), quoting *State v. Cunningham*, 2024-Ohio-2032, ¶ 53 (10th Dist.).

**{¶8}** A charge for obstructing official business under R.C. 2929.31 requires the State to prove that the defendant "'(1) performed an act; (2) without privilege; (3) with purpose to prevent, obstruct, or delay the performance of a public official of any authorized act within the public official's official capacity; and (4) that hampered or impeded the performance of the public official's duties.'" *State v. Terry*, 2025-Ohio-1195, ¶ 13 (1st Dist.), quoting *In re S.J.*, 2023-Ohio-3441, ¶ 21 (1st Dist.), quoting *State v. Brantley*, 2022-Ohio-597, ¶ 16 (1st Dist.).

**{¶9}** Ohio appellate courts diverge as to what the legal elements of the statute require. The Eighth District held that "obstructing official business is established where there is both an illegal act that quickens the duty of the police officer to enforce the law, and interference with intent to impede that enforcement." *State v. Vargas*, 2012-Ohio-2768, ¶ 15 (8th Dist.), citing *Garfield Hts. v. Simpson*, 82 Ohio App.3d 286, 291 (8th Dist. 1992), citing *Warrensville Hts. v. Wason*, 50 Ohio App.2d 21 (8th Dist. 1976). However, this court rejected that approach and held that "[t]he state merely ha[s] to prove that [the defendant's] conduct obstructed the police from performing

5

their official duties . . . [and] 'the statute does not require the police to be confronted with an illegal act at the time of interference.'" *State v. Jeter*, 2005-Ohio-1872, ¶ 16-17 (1st Dist.), quoting *Dayton v. Van Hoose*, 2000 Ohio App. LEXIS 5764 (2d Dist. Dec. 8, 2000), quoting *Warren v. Lucas*, 2000 Ohio App. LEXIS 2146 (11th Dist. May 19, 2000).

**{¶10}** Under our precedent, the act complained of just needs to be an affirmative one, and physically resisting an arrest to avoid the placement of handcuffs suffices as an affirmative act. *Terry* at ¶ 14-15, citing *State v. Grice*, 2009-Ohio-372, ¶ 9 (1st Dist.), and *State v. Carrion*, 2023-Ohio-4386, ¶ 19-20 (1st Dist.) ("An affirmative act is an essential element of the offense of obstructing official business . . . [and] [t]aking physical action to avoid an officer's attempt to effectuate an arrest, such as tucking one's wrists to avoid the placement of handcuffs, [suffices].").

**{¶11}** Here, the complaint stated that Dowell, without privilege, and with the purpose to prevent officers from performing official acts, hampered the officers' performance of those official acts. These allegations fulfill each element of the alleged crime. Under the Eighth District's approach, the complaint here may not have survived. However, even though the statute that the officers acted pursuant to here (R.C. 5122.10) does not provide for a criminal penalty for an individual's refusal to submit to officers' requests, our precedent does not require an illegal act as a condition to the obstruction charge. Thus, the trial court erred in dismissing the obstruction of official business charge.

**{¶12}** Based on that determination, we reach the same conclusion as to Dowell's resisting arrest charge under R.C. 2921.33. Under R.C. 2921.33, "[n]o person, recklessly or by force, shall resist or interfere with a lawful arrest of the person or another." The complaint alleged that Dowell resisted arrest by force. "'To be a lawful

arrest, the arresting officer must have probable cause or a reasonable basis to believe that the offense for which the defendant has been arrested did, in fact, occur.'" *State v. Pitts*, 2022-Ohio-4172, ¶ 13 (1st Dist.), quoting *In re M.H.*, 2021-Ohio-1041, ¶ 25 (1st Dist.), quoting *State v. Glenn*, 2004-Ohio-1489, ¶ 23 (1st Dist.). Based upon our holding regarding the obstruction charge, the arrest here was lawful. Furthermore, the State alleged facts that fulfilled each element of the crime, and thus, the complaint is valid on its face and did not warrant dismissal.

**{¶13}** While we are bound by our precedent, we can appreciate the effect of that precedent and that this case "demonstrates how easily mentally ill people can enter the prison system." *See State v. Galinari*, 2022-Ohio-4337, ¶ 2 (Donnelly, J., concurring). Police officers responding to individuals in a mental health crisis are faced with circumstances sometimes beyond their training and expertise. The result in this case underlines both the drastic nature of Ohio's civil commitment law and the need to mitigate collateral consequences for people experiencing a mental health crisis.

**{¶14}** Nevertheless, we sustain the State's sole assignment of error, as it was improper for the trial court to dispose of the complaints by granting Dowell's motions to dismiss.

### III.  Conclusion

**{¶15}** Based on the foregoing analysis, we sustain the State's assignment of error, reverse the trial court's judgments, and remand the cause for further proceedings.

Judgments reversed and cause remanded.

**CROUSE, P.J.,** and **MOORE, J.,** concur.