[Cite as *State v. Jester*, 2026-Ohio-1542.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-250444 |
| | | TRIAL NO. 25/CRB/7827 |
| Plaintiff-Appellee, | : | |
| vs. | : | |
| DEMARIUS JESTER, | : | *JUDGMENT ENTRY* |
| Defendant-Appellant. | : | |

This cause was heard upon the appeal, the record, and the briefs.

For the reasons set forth in the Opinion filed this date, the judgment of the trial court is affirmed.

Further, the court holds that there were reasonable grounds for this appeal, allows no penalty, and orders that costs be taxed under App.R. 24.

The court further orders that (1) a copy of this Judgment with a copy of the Opinion attached constitutes the mandate, and (2) the mandate be sent to the trial court for execution under App.R. 27.

**To the clerk:**

**Enter upon the journal of the court on 4/29/2026 per order of the court.**

By:_____
      **Administrative Judge**

[Cite as *State v. Jester*, 2026-Ohio-1542.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | | |
|---|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. | C-250444 |
| | | TRIAL NO. | 25/CRB/7827 |
| Plaintiff-Appellee, | : | | |
| vs. | : | | |
| DEMARIUS JESTER, | : | *O P I N I O N* | |
| Defendant-Appellant. | : | | |

Criminal Appeal From: Hamilton County Municipal Court

Judgment Appealed From Is: Affirmed

Date of Judgment Entry on Appeal: April 29, 2026

*Emily Smart Woerner*, City Solicitor, *Susan Zurface*, Chief Prosecuting Attorney, and *Robert E. Rickey*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Raymond T. Faller*, Hamilton County Public Defender, and *Lora Peters*, Assistant Public Defender, for Defendant-Appellant.

**KINSLEY, Presiding Judge.**

**{¶1}** Defendant-appellant Damarius Jester appeals his conviction for resisting arrest under R.C. 2921.33(A). In three assignments of error, Jester argues that the trial court erred when it struck his motion to suppress as untimely and when it allowed the State to elicit hearsay evidence, and he contests the weight and sufficiency of the evidence supporting his conviction. As we explain in this opinion, we disagree with Jester's arguments and affirm the judgment of the trial court.

## *Background*

**{¶2}** On May 14, 2025, Cincinnati police received a report from Clermont County about the unauthorized use of a vehicle. When they located the vehicle, Jester was standing nearby. After an officer learned that Jester had a warrant for his arrest, Jester was placed in custody. But he did not go easily. He first walked away, saying he wanted to give his phone to his mother. Then, after an officer grabbed his right arm, he pulled away, clasping his hands in the front to make them harder to handcuff. It took two officers and the threat of a taser to eventually effectuate Jester's arrest.

**{¶3}** For this conduct, Jester was charged with resisting arrest, a second-degree misdemeanor, in a complaint filed in the Hamilton County Municipal Court. The next day, he filed a motion for discovery. A few days later, the State filed its initial response, indicating that it would forward body-worn camera ("bodycam") footage of the incident once it was received from the police. All of this happened in May 2025. But by July 17, 2025, Jester had not received the bodycam footage, so he served the State with a motion to compel.[1] In response, on July 18, 2025, the State turned over one officer's bodycam footage. But it did not disclose footage for all of the officers who

---

[1] The motion to compel was filed on July 18, 2025.

were on the scene.

{¶4} On August 4, 2025, one day before trial, Jester filed a motion to suppress evidence. In it, he explained that he had only received one officer's bodycam footage, which did not show the initial police contact with Jester. He argued that the additional footage was "crucial to mounting a defense and determining what reasonable suspicion, if any, police had to justify their seizure of Mr. Jester."

{¶5} The following morning, before Jester's trial began, the prosecutor disclosed that, while she had initially turned over all the bodycam footage in her possession, she had recently discovered another officer's footage. In response, the trial court said, "Well, we're going to put these matters aside because we're going to end this case today, because this [the discovery issue] was an issue back from July 18th. . . We'll put it aside and you all see what you want to do."

{¶6} After a recess, Jester informed the trial court that he had received the additional bodycam footage from the State at 9:58 a.m. and that he objected to the motion to suppress being stricken. The record does not indicate why Jester made this objection. The State had not moved to strike Jester's suppression motion, nor had the trial court indicated that it intended to take this action—at least not on the record. From this exchange, we can infer that the parties and the trial court may have had an off-the-record conversation that was not transcribed. Although Jester objected to his motion being stricken, he indicated that he intended to move forward with a trial that day even if the trial court struck the motion.

{¶7} The trial court noted Jester's objection and proceeded with a bench trial. While it made no oral ruling on the motion to suppress, it wrote on the judge's sheet that the suppression motion was stricken because it was "filed late."

{¶8} Only one witness, Officer Marsh of the Cincinnati Police Department,

testified at trial. Marsh indicated that on May 14, 2025, he was dispatched to assist another officer who was attempting to locate a stolen vehicle. Upon arrival, Marsh observed Jester interact with the vehicle. Over Jester's objection, Marsh testified that his partner showed him a computer screen that indicated Jester had a warrant for his arrest. Marsh accordingly told Jester he was under arrest.

**{¶9}** Marsh testified that Jester then walked away and stepped off the sidewalk into the grass. Marsh grabbed Jester's hand and told him to place his arms behind his back. Marsh said that Jester pulled away, clasped his hands in front of him, and, after five requests, refused to put his hands behind his back. A fellow officer assisted by moving Jester's right arm while Marsh moved Jester's left arm to place Jester in handcuffs. Bodycam footage of the incident was admitted into evidence.

**{¶10}** The trial court found Jester guilty of resisting arrest and sentenced him to 30 days in jail, which it suspended, and six months of probation, as well as court costs. This appeal followed.

### *Analysis*

**{¶11}** Jester raises three assignments of error on appeal. He argues the trial court erred when it struck his motion to suppress as untimely and when it allowed the State to elicit hearsay evidence. He also contests the weight and sufficiency of the evidence supporting his conviction.

### A. *Jester's Untimely Motion to Suppress*

**{¶12}** Jester's first assignment of error takes issue with the trial court's decision to strike his motion to suppress. We review a trial court's decision under Crim.R. 12(D) to deny a motion to suppress as untimely for an abuse of discretion. *See State v. Ross*, 2012-Ohio-536, ¶ 12 (9th Dist.). An abuse of discretion "implies that the court's attitude is arbitrary, unreasonable, or unconscionable." *Hayes v. Durrani*,

2021-Ohio-725, ¶ 8 (1st Dist.), quoting *Boolchand v. Boolchand*, 2020-Ohio-6951, ¶ 9 (1st Dist.).

**{¶13}** The time for filing a pretrial suppression motion is governed by Crim.R. 12(D). *State v. Leahy*, 2010-Ohio-2876, ¶ 7 (1st Dist.). Crim.R. 12(D) provides that pretrial motions must be filed "35 days after arraignment or seven days before trial, whichever is earlier." The court may extend the time for making pretrial motions "in the interest of justice." Crim.R. 12(D). "The failure to comply with the time requirement of Crim.R. 12(D) constitutes a waiver of the defense or objections, but the court for good cause shown may grant relief from the waiver." (Cleaned up.) *Leahy* at ¶ 7.

**{¶14}** Here, Jester filed his motion to suppress the day before trial and more than two months after his arraignment. He therefore failed to comply with the time requirements of Crim.R. 12(D). But he claims that his noncompliance with the deadline was excused by the State's failure to provide timely discovery. In particular, he argues that the State's disclosure of additional bodycam footage the morning of trial negated the deadline in Crim.R. 12(D). We disagree.

**{¶15}** Jester filed his motion to suppress the day *before* he received the second bodycam footage from the State. Thus, none of the information he learned from watching the second video impacted the arguments he raised in the motion. While a trial court can abuse its discretion by refusing to entertain a motion to suppress that is untimely due to the State's failure to provide necessary discovery, that is not what happened here. *See, e.g., Leahy* at ¶ 8, citing *State v. Sargent*, 1994 Ohio App. LEXIS 3666 (2d Dist. Aug. 17, 1994). Because the State's late disclosure came after Jester filed his motion to suppress, the trial court did not abuse its discretion in striking Jester's motion to suppress as untimely. We overrule Jester's first assignment of error.

### *B. Hearsay*

**{¶16}**  In his second assignment of error, Jester argues that the trial court erred in permitting Marsh to testify that a fellow officer's computer revealed he had a warrant for his arrest.  The court reviews the admission of hearsay evidence for an abuse of discretion.  *In re K.M.*, 2024-Ohio-2278, ¶ 11 (1st Dist.), citing *HSBC Bank USA, Natl. Assn. v. Gill*, 2019-Ohio-2814, ¶ 1-5 (1st Dist.).

**{¶17}**  "Hearsay is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted in the statement."  Evid.R. 801(C).  Hearsay is inadmissible when it is offered to prove the truth of the matter asserted.  *See State v. Justice*, 2024-Ohio-2574, ¶ 22 (1st Dist.) (holding that "testimony as to the results of a computer inquiry constitutes a textbook example of hearsay" when it is "offered for the truth of the matter asserted").  But hearsay can be admitted when it is offered for another purpose, such as to prove a person's state of mind or the effect of the statement on a person's actions. *See State v. Boczar*, 2008-Ohio-834, ¶ 57 (11th Dist.) ("testimony is not hearsay, when it explains the actions of a witness to whom a statement was directed, such as to explain the witness' activities; if an out-of-court statement is offered to prove a statement was made and not for its truth; to show a state of mind; and to explain an act in question" (Cleaned up.)).

**{¶18}**  Applying these principles, testimony from a police officer that a computer system or database reflects a warrant for a person's arrest is generally admissible when it is offered to prove something other than its truth.  *See, e.g., State v. Devillere*, 2010-Ohio-2538, ¶ 33 (12th Dist.) (holding that an officer "reasonably relied on the information from dispatch that there was a valid arrest warrant"); *State v. Bishop*, 1997 Ohio App. LEXIS 1080, *6 (8th Dist. Mar. 20, 1997) (holding that an

7

officer reasonably relied on "information available at the time of arrest, which included the computer generated data showing the existence of the warrant."); *Arizona v. Evans*, 514 U.S. 1 (1995) (holding that a search was valid when an officer reasonably relied on information from a computer system, which indicated the defendant had a valid arrest warrant, even though the warrant was actually invalid).

**{¶19}** This is so in resisting arrest cases because the State need not prove the existence of the actual warrant to prove the arrest was lawful. *See* R.C. 2921.33(A). Rather, the State must demonstrate that the arresting officer had either probable cause or "a reasonable basis to believe that the offense for which the defendant has been arrested did, in fact, occur." *State v. Pitts*, 2022-Ohio-4172, ¶ 13 (1st Dist.).

**{¶20}** Here, the State did not offer Marsh's testimony that a computer search revealed Jester's arrest warrant to prove that there was in fact a warrant for Jester's arrest. Rather, the State offered this testimony to establish Marsh's belief that Jester was subject to arrest.

**{¶21}** Under these circumstances, the trial court did not abuse its discretion in admitting Marsh's statement regarding information he gleaned from a fellow officer's computer system. We accordingly overrule Jester's second assignment of error.

### C. Manifest Weight and Sufficiency of the Evidence

**{¶22}** In his final assignment of error, Jester challenges the sufficiency of the evidence supporting his conviction and argues that his conviction was against the manifest weight of the evidence. In particular, he argues that the State failed to prove that his arrest was lawful, and he challenges the evidence demonstrating that he resisted with force, both elements required to sustain a conviction under R.C. 2921.33(A).

**{¶23}** To assess whether a conviction is supported by sufficient evidence, we ask "whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *State v. Jenks*, 61 Ohio St.3d 259 (1991), paragraph two of the syllabus. "Where reasonable minds can reach different conclusions upon conflicting evidence, determination as to what occurred is a question for the trier of fact. It is not the function of an appellate court to substitute its judgment for that of the factfinder." *State v. Gurung*, 2024-Ohio-3202, ¶ 19 (1st Dist.).

**{¶24}** By contrast, a manifest-weight challenge requires us to independently "review the entire record, weigh the evidence, consider the credibility of the witnesses, and determine whether the trier of fact clearly lost its way and created a manifest miscarriage of justice." *State v. Powell*, 2020-Ohio-4283, ¶ 16 (1st Dist.), citing *State v. Thompkins*, 78 Ohio St.3d 380, 388 (1997). We afford substantial deference to the credibility determinations of the trier of fact because the trier directly observes the witnesses during trial proceedings. *See State v. Glover*, 2019-Ohio-5211, ¶ 30 (1st Dist.), quoting *Barberton v. Jenney*, 2010-Ohio-2420, ¶ 20. Accordingly, reversal on manifest weight grounds is warranted "only in the exceptional case in which the evidence weighs heavily against the conviction." *State v. Martin*, 20 Ohio App.3d 172, 175 (1st Dist. 1983).

### 1. *Lawful Arrest*

**{¶25}** To obtain a conviction for resisting arrest under R.C. 2921.33(A), the State must prove beyond a reasonable doubt that the accused "recklessly or by force, resist[ed] or interfere[d] with a lawful arrest of the person or another." The lawfulness of an arrest is accordingly an element of resisting arrest. *See State v. Thompson*, 116 Ohio App.3d 740, 743 (1st Dist.).

9

**{¶26}** Jester questions the sufficiency of the evidence that his arrest was lawful, because the State did not offer the actual arrest warrant into evidence. Nor did Marsh testify to the nature of the underlying crime that formed the basis of Jester's arrest. But the State need not introduce the warrant itself to prove the lawfulness of Jester's arrest, as Marsh need only have a reasonable basis to believe that the underlying offense occurred. *See Pitts*, 2022-Ohio-4172, at ¶ 13 (1st Dist.). The warrant provided this reasonable belief. *See, e.g., State v. Carter*, 2022-Ohio-3901, ¶ 15 (1st Dist.) ("the arrest was lawful due to the outstanding warrants"). The State therefore presented sufficient evidence of lawfulness, and Jester's conviction was not against the manifest weight of the evidence on this element.

### 2. *Force*

**{¶27}** Jester next argues that the State presented insufficient evidence that he resisted arrest "by force." He begins by asking us to review the language of R.C. 2921.33(A). That statute permits the State to prove the offense of resisting arrest by establishing that a person acted either "recklessly" *or* "by force." But Jester contends that the State was limited to the force element and could not prove the offense through recklessness because its complaint solely alleged that element.

**{¶28}** Even if we were to agree with Jester that the State was bound to the allegations in the complaint, sufficient evidence at trial established that Jester resisted arrest by force. Marsh testified that Jester walked away when he was told he was under arrest and that Jester further pulled away when Marsh grabbed his right arm to place him in custody. This incident was captured on bodycam footage, which was entered into evidence as well.

**{¶29}** As courts have observed, the act of pulling away from an officer during the process of an arrest satisfies the force element of resisting arrest. *See State v.*

*Kornilov*, 2012-Ohio-6218, ¶ 31 (11th Dist.). Viewing the evidence in the light most favorable to the State, Marsh's testimony and the bodycam footage is sufficient to prove that Jester acted by force in resisting his arrest.

**{¶30}** Having reviewed the record, we cannot say that this is the exceptional case where the trier of fact clearly lost its way in convicting Jester. His conviction was not against the manifest weight of the evidence.

**{¶31}** We therefore overrule Jester's third assignment of error.

### *Conclusion*

**{¶32}** Because the trial court did not abuse its discretion by striking Jester's motion to suppress as untimely, or in admitting Marsh's testimony regarding the computer-generated warrant information, we overrule Jester's first and second assignments of error. Because Jester's conviction was supported by sufficient evidence and was not against the manifest weight of the evidence, we overrule Jester's third assignment of error. The judgment of the trial court is affirmed.

Judgment affirmed.

**ZAYAS** and **MOORE, JJ.,** concur.